UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **JUDGE CASTEL**



|  |
|---|
| Tyrone Perry,<br><br>          Plaintiff,<br><br>    -against-<br><br>The City of New York; New York City Police Officer Prince Williams, shield number 04031, New York City Police Officers John Does 1 through 5,<br><br>          Defendants |

ECF CASE **07 CV 7347**

COMPLAINT AND DEMAND
FOR JURY TRIAL

**PRELIMINARY STATEMENT**

1.　　This is a civil rights action in which the Plaintiff, Tyrone Perry, seeks relief for

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983,

and of rights secured by the Fourth and Fourteenth Amendments to the United States

Constitution, Article I, Section 12 the New York State Constitution, and under the laws of

the United States and the State of New York.

2.　　On March 21, 2006, members of New York City Police Department seized and

arrested Plaintiff.  Plaintiff was held for several hours before being given a summons for

disorderly conduct, a charge that was later dismissed.  While in police custody, Plaintiff was

subjected to a strip and visual body cavity search.

3.　　Based on their actions, it is alleged that the individual police officers, acting

under the color or law,  unreasonably seized and searched Plaintiff, violating his rights under

the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section

12 of the New York State Constitution, and his rights to be free from false arrest and imprisonment. It is further alleged that these violations and torts were committed as a result of the policies and customs of the City of New York.

## JURISDICTION

4.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). The Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

7.      The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

8.      The Plaintiff, TYRONE PERRY, is a resident of New York City.

9.      Defendant CITY OF NEW YORK ("City") is a municipal corporation within

the State of New York.

10.     Defendant NEW YORK CITY POLICE DEPARTMENT (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

11.     Defendant New York City Police Officer PRINCE WILLIAMS, shield number 04031, ("Williams") was a police officer is employed by the NYPD and at all relevant times herein was acting in the capacity of agent, servant, and employee of the City. Williams is sued individually and in his official capacity.

12.     Defendants JOHN DOES 1 through 5 are unidentified police officers employed by the NYPD who at all relevant times herein were each acting in the capacity of agent, servant, and employee of the City. Plaintiff is unable to determine the names of these NYPD officers at this time and thus sues them under fictitious designations. Defendant John Does are sued in their individual and official capacities.

13.     At all times relevant herein, each individual defendant was acting under color

of state law in the course and scope of his duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. The individual defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

### STATEMENT OF FACTS

14.    Plaintiff is a 19-year-old native of New York City. He is currently living with his grandmother in Queens and working full time at Fidelity Borrowing Mortgage Bankers in Garden City, New York.

15.    On March 21, 2006 at approximately 9:30 to 10:00 PM, Plaintiff was waiting for an elevator in the lobby of his aunt's apartment building at 70 West 115th Street, having just gone to the local store for to purchase toilet tissue for her.

16.    Two uniformed police officer, John Does 1 and 2, entered the lobby from a back door.

17.    John Does 1 and 2 handcuffed and arrested Plaintiff, telling him, in substance, that he "fit the description of someone."

18.    John Does 1 and 2 also arrested two other young men who were in the lobby of Plaintiff's aunt's building.

19.    John Does 1 and 2 then brought Plaintiff to a waiting police vehicle in which

he and the other arrestees were transported by John Does 3 and 4 to Police Service Area 5

("PSA 5"), located at 221 East 123rd Street in Manhattan.

20.    Plaintiff was placed in a holding cell at PSA 5 with several other arrestees.

21.    While at PSA 5, Plaintiff was brought a bathroom by John Doe 5 and subjected

to a strip and visual body cavity search in which he was directed to remove his clothing,

squat down with his back facing the officer, spread his buttocks with his hands and cough.

22.    The door to the room in which Plaintiff was searched was open and was within

the line of vision of the other arrestees.

23.    Prior to being released from police custody, Plaintiff was given Summons

number 425719629-4 (the "Summons") charging him disorderly conduct.

24.    The "complainant" of the Summons was defendant Williams, who alleged that

"At T/P/O deft. observed blocking sidewalk with 10-15 other males causing public alarm."

25.    On June 12, 2006, the Summons was dismissed.

26.    The NYPD has a formal policy, contained in its Patrol Guide, by which it

authorizes strip searches only in situations where "the arresting officer reasonably suspects

that weapons, contraband, or evidence may be concealed upon the person or in the clothing

in such a manner that they may not be discovered by the previous search methods. Other

factors that should be considered in determining the necessity for a strip search include, the

nature of the crime (serious violent felony), arrest circumstances, subject's reputation

(extremely violent person), act of violence, and discoveries from previous searches."
Additionally, according to information and documents made available on the Criminal
Complaint Review Board's website (www.nyc.gov/ccrb), an NYPD directive, limiting and
clarifying the strip search policy, was issued on May 13, 2004 (*see*
http://www.nyc.gov/html/ccrb/pdf/nypdssdir.pdf ).

27.    This notwithstanding, on information and belief, the NYPD has and had a *de
facto* policy and practice of strip-searching persons for reasons other than those specified in
the Patrol Guide or NYPD directives.

## NOTICE OF CLAIM

28.    Plaintiff filed a Notice of Claim with the Office of the Comptroller of the City
of New York on June 19, 2006.  A examination was held on October 3, 2006 pursuant to
General Municipal Law § 50-h.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Individual NYPD Defendants

29.    All other paragraphs herein are incorporated by reference as though fully set
forth.

30.    In arresting, detaining and searching Plaintiff without sufficient cause, the
defendant NYPD officers, defendants Williams and John Does 1 through 5, engaged under
color of law in unreasonable searches and seizures in violation of the Fourth Amendment to
the United States Constitution and 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

31.    All other paragraphs herein are incorporated by reference as though fully set forth.

32.    Municipal liability for the violations of Plaintiff's Fourth Amendment rights rests upon the grounds set forth below.

33.    At all times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

34.    At all times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

## THIRD CAUSE OF ACTION
### Pendant State Law Claim for
### False Arrest and Illegal Imprisonment

35.    All other paragraphs herein are incorporated by reference as though fully set forth.

36.    By the actions described above, defendants Williams and Does, jointly and

severally, violated Plaintiff's rights under New York law to be free from false arrest and

imprisonment. Municipal liability for these torts rest upon principles of *respondeat superior*.

### FOURTH CAUSE OF ACTION
### Pendant State Law Claim for
### Violation of Rights under New York State Constitutional

37.    All other paragraphs herein are incorporated by reference as though fully set

forth.

38.    In arresting, searching and detaining Plaintiff without sufficient cause, the

defendants Williams and Does, jointly and severally, engaged in unreasonable searches and

seizures in violation of Article I Section 12 of the New York Constitution.


WHEREFORE, the Plaintiff requests that this Court:

1.    Assume jurisdiction over this matter;

2.    Award compensatory and punitive damages to Plaintiff against the defendants,

jointly and severally;

3.    Award Plaintiff reasonable costs, disbursements and attorneys' fees; and

4.    Grant any other relief the court deems appropriate.

Dated:  New York, New York
        August 16, 2007

Respectfully submitted,

Darius Wadia, L.L.C.
By:  Darius Wadia, Bar number DW8679
Attorney for Plaintiff
233 Broadway, Suite 2208
New York, New York  10279
dwadia@wadialaw.com
(212) 233-1212

TO:

New York City
Law Department
100 Church Street, 4th floor
New York, New York  10007

Police Officer Prince Williams
Police Service Area 5
221 East 123rd Street
New York, New York  10029