UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRONE PERRY,

                                            Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE OFFICER PRINCE WILLIAMS, SHIELD NUMBER 04031, NEW YORK CITY POLICE OFFICERS JOHN DOES 1 THROUGH 5,

                                            Defendants.

**ANSWER ON BEHALF OF DEFENDANT WILLIAMS**

07 Civ. 7347 (PKC)

Jury Trial Demanded

------------------------------------------------------------------------ x

        Defendant Prince Williams,[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff was issued a summons for disorderly conduct on or about March 21, 2006, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of plaintiff's criminal charges and whether plaintiff was subjected to a strip search.

        3.     Denies the allegations set forth in paragraph "3" of the complaint.

---

[1] Defendant City of New York previously interposed an answer to the complaint on November 13, 2007.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Paragraph "7" of the complaint sets forth a demand for a jury trial, rather than an averment of fact, and accordingly no response is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Admits the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that plaintiff purports to proceed as stated therein, that Prince Williams is employed by the City of New York as a police officer, and states that the allegations that defendant Williams "was acting in the capacity of agent, servant, and employee of the City" is a legal conclusion to which no response is required.

12. Denies the allegations set forth in paragraph "12" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations

concerning the "JOHN DOE" defendants, and admits that plaintiff purports to proceed as stated therein.

13. Paragraph "13" of the complaint sets forth legal conclusions, rather than averments of fact, and accordingly, no response is required.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint, except admits that plaintiff was issued a summons for disorderly conduct, and that plaintiff's summons number was 425719629-4.

24. Denies the allegations set forth in paragraph "24" of the complaint, except admits that Police Officer Prince Williams issued plaintiff a summons on or about March 21, 2006 for disorderly conduct, and respectfully refers the Court to the summons for a statement of its contents.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, and respectfully refers the Court to the applicable Patrol Guide procedures for a true and accurate statement of their contents.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Admits the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges paragraphs "1" through "28" of this answer as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges paragraphs "1" through "30" of this answer as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges paragraphs "1" through "36" of this answer as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

39. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

40. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

41. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

42. This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

43. There was probable cause for plaintiff's arrest, detention, prosecution, and for any search of plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45. Prince Williams has not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore is protected by qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

46. Plaintiff may have failed to comply with conditions precedent to suit pursuant to State law.

**WHEREFORE,** defendant requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 28, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-137
        New York, New York 10007
        (212) 788-9790

By:　　　　　／s／
        Amy N. Okereke (AO 3250)
        Assistant Corporation Counsel
        Special Federal Litigation

To:   Darius Wadia, Esq. (via E.C.F. and first class mail)
      *Attorney for Plaintiff*
      233 Broadway, Suite 2208
      New York, New York 10279

## DECLARATION OF SERVICE BY MAIL

   I, AMY N. OKEREKE, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on November 28, 2007, I served the annexed ANSWER upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

  Darius Wadia, Esq.
  *Attorney for Plaintiff*
  233 Broadway, Suite 2208
  New York, NY 10279


Dated:  New York, New York
    November 28, 2007


            _____/s/_____
            AMY N. OKEREKE
            ASSISTANT CORPORATION COUNSEL

Index No.  07 Civ. 7347 (PKC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE PERRY,

                                 Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE OFFICER PRINCE WILLIAMS, SHIELD NUMBER 04031, NEW YORK CITY POLICE OFFICERS JOHN DOES 1 THROUGH 5,

                                 Defendants.

**ANSWER ON BEHALF OF DEFENDANT WILLIAMS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Amy N. Okereke*
*Tel:  (212) 788-9790*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ......................................................, 200......*

*........................................................................ Esq.*

*Attorney for...........................................................................*